JUDGE HELLERSTEIN



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARCOS MONJE,

                 Plaintiff,

    -against-

CITY OF NEW YORK, DANIEL CALLINAN,
Individually, MICHAEL CINTRON,
Individually, and JOHN DOE 1 through 5,
Individually, (the names John Doe being
fictitious, as the true names are presently
unknown),

                 Defendants.

---

**COMPLAINT**

Docket No.

*Plaintiff Demands*
*a Trial by Jury*



Plaintiff MARCOS MONJE, by his attorney, The Trainor Law Firm, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, which are secured by these statutes and the Constitutions of the United States and the State of New York. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.    Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

6.      Plaintiff MARCOS MONJE is a twenty-five year old American male of Hispanic origin who resides in New York County, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("the NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendants, DANIEL CALLINAN, MICHAEL CINTRON, AND JOHN DOE 1through 5, were duly sworn police officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the CITY OF NEW YORK.

2

11.     Each and all of the acts of the defendants alleged herein were done by these defendants while acting within the scope of their employment with defendant CITY OF NEW YORK.

## FACTS

12.     On October 4, 2012, at approximately 5:40 p.m., Plaintiff Marcos Monje was lawfully present in the vicinity of 2nd Avenue and East 108th Street, in New York, New York.

13.     At the aforementioned time and place, Mr. Monje did not possess or sell marijuana or any unlawful substance.

14.     At the aforementioned time and place, Mr. Monje was not behaving in a manner that would suggest to any reasonable police officer that Mr. Monje possessed or sold marijuana or any other unlawful substance.

15.     At the aforementioned time and place, members of the NYPD, including, but not limited to, Defendant Daniel Callinan, Defendant Michael Cintron, and Defendants John Doe 1 through 5, suddenly accosted Mr. Monje.

16.     Upon accosting Mr. Monje, the individually named defendants searched and handcuffed Mr. Monje, despite lacking reasonable suspicion to believe that Mr. Monje had committed, was committing, or was about to commit a crime.

17.     When the defendants asked Mr. Monje if he had any drugs on him or sold any drugs to anyone, Mr. Monje informed the defendants that he had no drugs on him and did not sell drugs or anything else to anyone. Rather, Mr. Monje explained, in sum and substance, that he was coming from his home across the street and going to the store to buy groceries.

18.     Nevertheless, the defendants arrested Mr. Monje, placed him in a police van while he remained handcuffed, and accused him of selling marijuana to a separately charged

3

individual, Luis Aviles, despite Mr. Monje repeatedly informing the defendants that he did not sell anyone drugs, marijuana, or anything else and was innocent of any criminal activity or wrongdoing.

19.     At this time, Luis Aviles, who was arrested and also imprisoned in the police van for possession of marijuana, asked Mr. Monje why the defendants arrested him. Mr. Monje explained, in sum and substance, that the defendants informed him that they were arresting him (Mr. Monje) for selling marijuana to Mr. Aviles.

20.     Mr. Aviles then immediately informed the defendants repeatedly that Mr. Monje did not sell him marijuana or anything else and that Mr. Monje did nothing wrong.

21.     Despite lacking probable cause, reasonable suspicion, and having no justification whatsoever, the defendants, upon searching, handcuffing, and placing Mr. Monje in a police van, transported him to the NYPD's 23rd Precinct, where he remained unlawfully imprisoned.

22.     Upon processing Mr. Monje's arrest at the 23rd Precinct, the defendants transported him to the Manhattan Detention Complex, where he remained unlawfully imprisoned until he was brought before the New York County Criminal Court for arraignment on the baseless charges filed under docket number 2012NY078140. These charges were filed based upon the false allegations of Defendants Callinan and Cintron.

23.     In the evening hours of October 5, 2012, Mr. Monje was arraigned on the false charges that he sold marijuana to Luis Aviles. Upon his arraignment, the presiding Criminal Court judge released Mr. Monje on his own recognizance.

24.     Defendants Callinan and Cintron initiated criminal proceedings against Mr. Monje despite their knowledge that they lacked probable cause, reasonable suspicion, or any

4

justification whatsoever to do so.

25.     The defendants initiated this prosecution with malice, and otherwise caused this prosecution to be commenced against Mr. Monje for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their aforementioned abuse of authority and unlawful activity.

26.     This malicious prosecution compelled Mr. Monje to return to Court to face these false charges on approximately three (3) occasions until March 21, 2013, when, upon the application of the New York County District Attorney's Office, the New York County Criminal Court dismissed this case outright and ordered it sealed.

27.     All of the events leading up to and culminating in Mr. Monje's false arrest and malicious prosecution occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein.

28.     All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, and compensating and supervising its employees.

29.     The underlying false arrest and malicious prosecution is not an isolated incident. Defendant CITY OF NEW YORK is aware, from lawsuits, Notices of Claim, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the legal basis required for stops and searches, what constitutes probable cause for an arrest, and that they repeatedly arrest individuals

5

for selling marijuana or drugs when they have no basis to do so, and that they engage in falsification to that end.

30.    Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in a deprivation of civil rights. Despite such notice, Defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the defendants to violate Mr. Monje's civil rights.

31.    Moreover, upon information and belief, Defendant CITY OF NEW YORK was aware, prior to this incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.

32.    Specifically, Defendant Daniel Callinan has been sued on at least two occasions in the Southern District of New York for similar violation of people's civil rights:

   In Atiles v. City of New York, the plaintiff sued Defendant Callinan for, among other claims, false arrest and malicious prosecution for falsely accusing the plaintiff of criminally possessing marijuana on September 3, 2011. 12-CV-8039 (KBF) (S.D.N.Y. filed on November 5, 2012).

   Likewise, in Brown v. City of New York, the plaintiff sued Defendant Callinan for, among other claims, false arrest for falsely accusing the plaintiff of criminally trespassing and unlawfully possessing a noxious material on April 9, 2011. 12-CV-4870 (JGK) (S.D.N.Y. filed on June 21, 2012).

33.    Despite such notice, Defendant CITY of NEW YORK has retained these officers and failed to adequately train and supervise them.

34.    As a result of the foregoing, Plaintiff MARCOS MONJE sustained, *inter alia*, physical and mental injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights and liberty.

6

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

35.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36.    All of the aforementioned acts of the defendants, their agents, servants and employees were carried out under the color of state law.

37.    All of the aforementioned acts deprived Plaintiff MARCOS MONJE of the rights, privileges, and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. § 1983.

38.    The acts complained of were carried out by the individual defendants in their capacity as police officers, with the entire actual and/or apparent authority attendant thereto.

39.    The acts complained of were carried out by the individual defendants in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of the NYPD.

40.    The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

41.    As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

7

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     The defendants arrested Plaintiff MARCOS MONJE without probable cause or legal privilege, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

44.     The defendants caused Plaintiff MARCOS MONJE to be falsely arrested and unlawfully imprisoned, resulting in Mr. Monje being put in fear for his safety, humiliated, frightened, and deprived of his liberty.

45.     As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     The defendants initiated, commenced, and continued a malicious prosecution against Plaintiff MARCOS MONJE.

48.     The defendants misrepresented and falsified the information that they presented to the District Attorney's Office in order to prosecute Plaintiff MARCOS MONJE.

49.     The defendants did not make a complete and full statement of facts to the District Attorney's Office in the underlying prosecution.

50.     The defendants caused Plaintiff MARCOS MONJE to be prosecuted without any probable cause until all of the charges against him were dismissed outright on or about March 21, 2013, resulting in a favorable termination for Plaintiff.

51.     As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     The defendants issued criminal process against Plaintiff MARCOS MONJE by causing his arrest and prosecution in New York County Criminal Court.

54.     The defendants caused Plaintiff MARCOS MONJE to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated Plaintiff's right to be free from malicious abuse of process.

55.     As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

9

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     The defendants had an affirmative duty to intervene on behalf of Plaintiff MARCOS MONJE, whose constitutional rights were being violated in their presence by other officers.

58.     The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

59.     As a result of the foregoing, Plaintiff MARCOS MONJE was subjected to false arrest and malicious prosecution, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing, other physical restraints, and ultimately an extended period of incarceration.

60.     As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

61.     All of the foregoing acts by defendants deprived Plaintiff MARCOS MONJE of federally protected rights, including, but not limited to, the right:

            A.      Not to be deprived of liberty without due process of law;

            B.      To be free from false arrest/unlawful imprisonment;

            C.      To be free from the failure to intervene;

            D.      To be free from malicious prosecution; and

10

    E. To be free from malicious abuse of process.

  62. As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**SUPPLEMENTAL STATE LAW CLAIMS**

  63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

  64. Within ninety (90) days after the claim herein accrued, Plaintiff duly served upon, presented to, and filed with, the CITY OF NEW YORK, a Notice of Claim setting forth all the facts and information required under the General Municipal Law 50-e.

  65. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim to the CITY OF NEW YORK.

  66. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

  67. Plaintiff has complied with all conditions precedent to maintaining the instant action.

  68. This action falls within one or more of the exceptions as outlined in N.Y. C.P.L.R. § 1602.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

  69. Plaintiff repeats, reiterates and realleges each and every allegation contained in

11

paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

70.     The defendants initiated, commenced and continued a malicious prosecution against Plaintiff MARCOS MONJE.

71.     The defendants caused Plaintiff MARCOS MONJE to be prosecuted without probable cause until all of the charges against him were dismissed on or about March 21, 2013.

72.     As a result of the defendants' conduct, Plaintiff MARCOS MONJE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

73.     As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     The defendants issued criminal process against Plaintiff MARCOS MONJE by causing him to be arrested, arraigned and prosecuted in Criminal Court.

76.     The defendants caused Plaintiff MARCOS MONJE to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and unlawful activity.

77.     As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     The defendants' conduct in this case was extreme and outrageous, and exceeded all reasonable bounds of decency.

80.     This conduct was committed by the defendants while acting within the scope of their employment with Defendant CITY OF NEW YORK.

81.     This conduct was committed by the defendants while acting in furtherance of their employment with Defendant CITY OF NEW YORK.

82.     The defendants' conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff MARCOS MONJE.

83.     As a result of the defendants' conduct, Plaintiff MARCOS MONJE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84.     As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

13

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Upon information and belief, Defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring, and retention of the individual defendants who conducted and participated in the arrest, search, prosecution, and incarceration of Plaintiff MARCOS MONJE.

87.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct alleged herein.

88.     As a result of the defendants' conduct, Plaintiff MARCOS MONJE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

89.     As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Upon information and belief, Defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the defendants who conducted and participated

14

in the arrest, search, prosecution, and incarceration of Plaintiff MARCOS MONJE.

92. As a result of the defendants' conduct, Plaintiff MARCOS MONJE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

93. As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Plaintiff's injuries were caused by the carelessness, recklessness, and negligence of Defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

96. As a result of the defendants' conduct, Plaintiff MARCOS MONJE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

97. As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

15

## AS AND FOR A TWELFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

98.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

100.    As police officers with the NYPD, the individual defendants were employees of Defendant CITY OF NEW YORK and acting within the scope of their employment when they engaged in the wrongful conduct described here.

101.    As a result of the defendants' conduct, Plaintiff MARCOS MONJE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

102.    As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 § 12)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102"with the same force and effect as if fully set forth herein.

104.    As a result of the defendants' conduct, Plaintiff MARCOS MONJE was deprived of his right to security against unreasonable searches, seizures, and interceptions.

105.    As a result of the foregoing, Plaintiff MARCOS MONJE is entitled to

16

compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MARCOS MONJE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 31, 2014

Respectfully submitted,

**THE TRAINOR LAW FIRM, P.C.**
419 Lafayette Street, 2nd Floor
New York, New York 10003
(212) 300-6557

By:    _____
       CRAIG TRAINOR (CT 1823)

Attorney for Plaintiff MARCOS MONJE

17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARCOS MONJE,

                         Plaintiff,

              -against-

CITY OF NEW YORK, DANIEL CALLINAN,
Individually, MICHAEL CINTRON,
Individually, and JOHN DOE 1 through 5,
Individually, (the names John Doe being
fictitious, as the true names are presently
unknown),

                         Defendants.

Docket No.

# COMPLAINT

**THE TRAINOR LAW FIRM, P.C.**
Attorney for the Plaintiff
419 Lafayette Street, 2nd Floor
New York, New York 10003
(212) 300-6557